JEROME WATTS,

        Plaintiff,

v.                                                                    Case No. 22-cv-1070-pp

MILWAUKEE COUNTY CLERK OF COURT,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE**

        Jerome Watts, who is incarcerated at the Milwaukee County Jail and who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant violated his rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, screens his complaint, dkt. no. 1, and dismisses the case.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

        The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to let an incarcerated plaintiff proceed without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On November 18, 2022, the court ordered the plaintiff to pay an initial partial filing fee of $134.44 by December 27, 2022. Dkt. No. 7. On December 16, 2022, the plaintiff filed a letter stating that he had been placed in a "G.P.R. unit" where he could not have contact with the outside world, that he did not know how long he would be there and that he could not pay the initial partial filing fee while on that status. Dkt. No. 8. Court staff contacted the Milwaukee County Jail and learned that Judge Jeffrey Wagner had rescinded the plaintiff's telephone, mail and visitation privileges; the Milwaukee County Circuit Court clerk's office could not tell court staff when the privileges might be restored. Because it appears that the plaintiff is not able to submit the initial partial filing fee at this time, the court will waive the initial partial filing fee. See 28 U.S.C. §1915(b)(4). The court will require the plaintiff pay the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

    A.    Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff alleges that "Milwaukee County Courts/Milwaukee County Clerks" violated his rights. Dkt. No. 1 at 2. He alleges that on June 1, 2022, the defendant pushed back his preliminary hearing twice "with no real reason w[h]ich fully violated [his] due process rights." Id. at 2. The plaintiff states that he called a squad at District 7 because the mother of his two children, ages two

3

and seven, left them at the house by themselves. Id. at 2-3. He alleges that after they (presumably police officers) came to his house and asked for his name, they said they had a warrant for his arrest. Id. at 3.

The plaintiff claims that his due process rights were violated twice by pushing back preliminary dates for no reason. Id. He states that neither the witness of the alleged crime nor the detective showed up either time, but "a rep who knew nothing about [the] alleged charges or didn't interview alleged victim" apparently did show up. Id. The plaintiff also states that the court set his bail at "50,000 dollars just off the three alleged charges even after [his] bail was only 15,000 with same charges at moment of arrest[.]" Id. The plaintiff alleges that there was no reason to raise bail so much; he explains that he is not a flight risk and that he completed probation in 2017 with no new charges since then. Id.

For relief, the plaintiff states that he "would like the courts to drop all charges, an award of money or release me to fight criminal charges correctly." Id. at 4.

C. Analysis

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)).

4

The plaintiff has filed a civil complaint that appears to challenge decisions the state court has made in an ongoing criminal case, <u>State of Wisconsin v. Jerome Watts, Jr.</u>, Milwaukee County Case Number 2022CF2238.[1] The plaintiff seeks an award of money or release from custody so he can fight his criminal charges. But the plaintiff cannot obtain release from confinement through a federal civil rights case. "[T]he writ of habeas corpus [is] the exclusive civil remedy for prisoners seeking release from custody." <u>Glaus v. Anderson</u>, 408 F.3d 382, 386 (7th Cir. 2005) (citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489 (1973)). To the extent the plaintiff wants to be released from jail, he must seek that relief by filing a petition for a writ of *habeas corpus* **after** his criminal case is over and he has exhausted his state court remedies. Along with this order, the court will mail the plaintiff a guide for unrepresented litigants, "Habeas Corpus: Answers to State Petitioners' Common Questions."

If the plaintiff believes that the state court imposed excessive bail in his criminal case, he may be able to raise that issue in a *habeas corpus* petition, again, after his criminal case is over and he has exhausted his state court remedies. The plaintiff complains about the amount of his bail (and perhaps he seeks monetary damages so that he can post it). The publicly-available docket for the plaintiff's state criminal case show that that on June 9, 2022, the court set bail in the amount of $50,000 cash bond and that on September 28, 2022

---

[1] The publicly-available docket indicates that the plaintiff has a motion hearing scheduled for March 3, 2023; a final pretrial conference scheduled for April 14, 2023; and a jury trial scheduled for May 1, 2023. https:// wcca.wicourts.gov.

(after the plaintiff filed his complaint in this federal case), the court partially granted a defense motion and lowered bail to $35,000 cash bond. See Watts, Case No. 2022CF2238 (available at https://wcca.wicourts.gov).

The docket from the plaintiff's state criminal case shows that he has been represented by a lawyer throughout that case. Id. The postponement of his preliminary hearing dates does not, without more, implicate the plaintiff's constitutional rights.

The complaint does not state a claim for relief under §1983. Because the plaintiff has raised the issue of excessive bail and because he may decide to pursue such a claim in a petition for a writ of *habeas corpus* after his state criminal case is over and after he has exhausted his state court remedies, the court will dismiss this case without prejudice.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court **WAIVES** the requirement that the plaintiff pay the initial partial filing fee.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The court will enter judgment accordingly.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$350** filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the

account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Fed. R. Civ. P. 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Fed. R. Civ. P. 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 30th day of January, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**